A92A1310. STEPHENS v. THE STATE.
(422 SE2d 275)

POPE, Judge.

Appellant/defendant Michael Stephens appeals his conviction for three counts of child molestation, two counts of aggravated child molestation, and two counts of aggravated sodomy. The jury was authorized to find from the evidence presented at trial that defendant's nine-year-old nephew spent the night with defendant in September 1990. Defendant first showed his nephew magazines containing nude or partially nude women. Defendant then coaxed his nephew into engaging in acts of oral sex and anal sex with him.

Each enumeration of error concerns the State's introduction of evidence of a similar transaction. The State was allowed to present the testimony of Jimmy Jackson who testified that when he was approximately eight years old and defendant was either thirteen or fourteen years old, defendant attempted to coax Jackson into engaging in an act of oral sex by offering to give Jackson the keys to his motorcycle if he would give him a "blow job." Jackson refused. That incident occurred approximately ten years before the incident giving rise to defendant's conviction.

1. Defendant argues there was insufficient similarity between the prior incident and the crime charged. Defendant contends that the span of ten years and his youth at the time of the previous transaction renders the incident with Jackson dissimilar to the crimes charged. As our Supreme Court recently stated in Gilstrap v. State, 261 Ga. 798, 799 (410 SE2d 423) (1991), "Where 'similar transaction' evidence has been admissible otherwise, lapses of time of 11 years (Rich v. State, 254 Ga. 11, 14 (1) (325 SE2d 761) (1985)) and of 19 years (Cooper v. State, 173 Ga. App. 254, 255 (325 SE2d 877) (1985)) have not demanded that the evidence was inadmissible." Accordingly, a lapse of ten years in this case does not render the evidence inadmissible.

We agree, however, that defendant's youth at the time of the similar transaction should be considered when deciding if the testimony should be admitted to show lustful dispostion and inclination, i.e., bent of mind. Defendant was at least 13 years old at the time he requested Jackson to give him a "blow job." Defendant obviously realized he was not making a common request of his friend, because he offered Jackson his motorcycle in exchange for a "blow job." Given defendant's age and his obvious understanding of the request he made of Jackson, his request was not the faultless act of an innocent child. Accordingly, we hold that neither the defendant's age at the time of the similar transaction nor the time span between the incidents renders the testimony inadmissible.

2. Defendant posits that the trial court's findings of sufficient similarity were not supported by the evidence proffered or presented. After careful review of the record, we find this enumeration to be without merit.

3. Defendant argues the trial court erred in admitting the testimony of Jackson because the trial court's decision was predicated on evidence proffered but not proved at trial. At the hearing held pursuant to Uniform Superior Court Rule 31.3 (B), the prosecutor stated she expected the evidence to show that approximately ten years ago defendant solicited Jackson to engage in an act of sodomy and that defendant later solicited sodomy from Jackson on at least two other occasions. Jackson testified that defendant only solicited him to en-

gage in acts of sodomy on one occasion, although he requested that Jackson give him a "blow job" several times during the attempted solicitation. We do not find that the difference between the proffer of evidence by the prosecutor and the evidence presented at trial constitutes reversible error. The evidence shows defendant only requested his nephew to engage in acts of sodomy on one occasion. The similarities on which the trial court based its ruling are present regardless of the number of occasions that defendant attempted to solicit Jackson to engage in acts of sodomy.

4. Defendant also argues the trial court erred by failing to make a determination on the record that defendant committed the independent offense concerning Jackson. While we are cognizant that our Supreme Court's decision in *Williams v. State*, 261 Ga. 640 (2b) (409 SE2d 649) (1991) contemplates that the trial court will make a determination concerning identity, we hold that the trial court's failure to do so under the facts of this case is not reversible error. Both Jackson and defendant's nephew knew him well; therefore, there was no dispute concerning defendant's identity in the prior similar transaction or in the incident giving rise to this case.

*Judgment affirmed. Carley, P. J., and Johnson, J., concur.*

DECIDED SEPTEMBER 8, 1992.

*Cook & Palmour, Bobby Lee Cook, Hurley & Hurley, Lynn Q. Hurley,* for appellant.

*Ralph L. Van Pelt, Jr., District Attorney, Mary J. Palumbo, Assistant District Attorney,* for appellee.