### A98A0301. GILHAM v. THE STATE.
(501 SE2d 586)

RUFFIN, Judge.

A jury found George C. Gilham guilty of aggravated child molestation (OCGA § 16-6-4 (c)). Gilham appeals from the judgment of conviction and denial of his motion for new trial. For reasons which follow, we affirm.

On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. *Price v. State,* 223 Ga. App. 185, 190 (10) (477 SE2d 353) (1996). So viewed, the evidence in this case establishes that the victim was Gilham's 12-year-old stepnephew. The victim testified that Gilham fondled the victim's penis and anally sodomized him. The State also presented evidence of a similar offense of child molestation committed by Gilham where the victim was Gilham's five- or six-year-old stepsister. Gilham asserts that the trial court erred in admitting the similar transaction evidence because (1) it was based on a custodial statement he gave years prior to trial when he was a juvenile and (2) there was no evidence that he gave the statement freely and voluntarily.

"Before any evidence of an independent offense may be intro-

duced, the state must show 1) that the evidence is relevant for some purpose other than to show a probability that the defendant committed the crime on trial because he is a man of criminal character; 2) that there is sufficient evidence to establish that the accused committed the independent offense or act; and 3) that there is sufficient connection or similarity between the independent offense or act and the crime charged so that proof of the former tends to prove the latter." (Citation and punctuation omitted.) *Ramsey v. State*, 214 Ga. App. 743, 745 (2) (448 SE2d 790) (1994). "The exception to the general rule that evidence of independent crimes is inadmissible has been most liberally extended in the area of sexual offenses. In crimes involving sexual offenses, evidence of similar previous transactions is admissible to show the lustful disposition of the defendant and to corroborate the victim's testimony. There need only be evidence that the defendant was the perpetrator of both crimes and sufficient similarity or connection between the independent crime and the offenses charged." (Citations and punctuation omitted.) *Wallace v. State*, 228 Ga. App. 686, 689 (3) (492 SE2d 595) (1997).

The trial court held a *Jackson-Denno* hearing regarding the admission of the custodial statement given in the prior offense. See *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964). At the hearing, Officer Cynthia Young testified that she read Gilham his *Miranda* rights on a waiver of rights form. Gilham read the form to himself and initialed each of the rights stated on the form indicating that he understood that he was waiving his rights. Officer Young testified that she made it clear to Gilham that the court could appoint an attorney to represent him and he appeared to understand. Officer Young testified that Gilham did not ask for an attorney and agreed to make a statement. Following this testimony, the trial court held that Gilham's custodial statement was admissible because he was fully advised of his constitutional rights, was aware of those rights, and waived them.

At trial, Officer Young testified in detail about the questions Gilham posed to her before he gave the statement. Gilham indicated some concern about his ability to read and write, "because he'd only gone through part of the ninth grade and that was in special education." More specifically, Gilham signed a waiver form that included the following statements: "I freely and voluntarily waive my right to an attorney. I'm willing to make a statement to the officers. I can read and write the English language and fully understand my rights to an attorney. I have read this waiver of counsel and fully understand it." Young testified that she believed Gilham understood the rights that she reviewed with him. The trial court allowed the transcript of the statement to be read to the jury. In the statement, Gilham admitted touching and rubbing the vaginal area of the vic-

tim, who was in either kindergarten or first grade at the time. The offense occurred while Gilham was alone with her in the living room of the house. Although the act occurred when Gilham was 12 or 13 years old, he was 18 years old when he provided the statement.

Viewed in a light most favorable to the verdict, the victim of the independent offense, who was fourteen years old at the time of trial, testified that when she was four or five years old, Gilham touched her anal area under her clothes with his hand while they were in the living room. This similar offense occurred nine years before the charged offense.

1. In his first enumeration of error, Gilham contends that the trial court erred in admitting evidence of the similar transaction because it allegedly occurred approximately nine or ten years before the instant case and because he was a juvenile, approximately twelve or thirteen years old when it occurred.

"Lapse of time 'does not render the evidence automatically inadmissible . . . (but) is a factor to be taken into consideration when balancing the probative value of the evidence against its potentially prejudicial impact.'" *Willett v. State*, 223 Ga. App. 866, 872 (3) (a) (479 SE2d 132) (1996). However, we have held that independent crimes which occurred between 15 and 20 years prior to the charged offense were not barred by a lapse of time. See *Perkins v. State*, 224 Ga. App. 63 (479 SE2d 471) (1996). Accordingly, a lapse of nine or ten years does not render the evidence inadmissible.

Neither does the fact that Gilham was a juvenile render the similar offense inadmissible. In *Stephens v. State*, 205 Ga. App. 403, 404 (1) (422 SE2d 275) (1992), we held that a "defendant's youth at the time of the similar transaction should be considered when deciding if the testimony should be admitted to show lustful disposition and inclination, i.e., bent of mind."

In the similar offense at issue here, Gilham was either twelve or thirteen years old when he committed the sexual act on his stepsister who was either four or five years old. In his statement, Gilham admitted that he knew the difference between "a good touch and a bad touch," and that he was embarrassed by the act committed against his stepsister and "went to the bathroom" to "finish." Gilham also admitted that he had sought "revenge" against another person who had tried to touch him in a bad way. "Given [Gilham's] age and his obvious understanding of the [sexual act committed], his [actions were] not the faultless act[s] of an innocent child. Accordingly, we hold that neither [Gilham's] age at the time of the similar transaction nor the time span between the incidents renders the testimony inadmissible." *Stephens*, supra at 404 (1).

2. In his second enumeration of error, Gilham contends that the trial court improperly admitted evidence of the custodial statement

he gave to Officer Young regarding the independent offense because the evidence showed that his limited education prevented him from freely and voluntarily providing the statement.

"The question of whether a defendant is capable or incapable of making a knowing and intelligent waiver of his rights is to be answered by the trial judge and will be accepted by this court unless such determination is clearly erroneous." (Citations and punctuation omitted.) *Reynolds v. State*, 217 Ga. App. 570, 572-573 (5) (458 SE2d 855) (1995). In *Yorker v. State*, 266 Ga. 615, 617 (4) (469 SE2d 158) (1996), the evidence established that the defendant, age 16, had completed the ninth grade and could read and write at the time of the interrogation. The Supreme Court affirmed the trial court's decision to admit the defendant's statement into evidence because the defendant's *Miranda* rights were read to him prior to the interrogation, he understood them, he signed a written waiver form and subsequently gave his statement freely and voluntarily. Id.

Here, our review of the trial court's *Jackson-Denno* hearing shows that the court's factual finding that Gilham's statement was freely and voluntarily made is clearly authorized by the evidence. See *Brooks v. State*, 258 Ga. 20, 21 (1) (365 SE2d 97) (1988). Accordingly, the trial court did not err in admitting the statement on this ground.

*Judgment affirmed. Pope, P. J., and Beasley, J., concur.*

DECIDED APRIL 14, 1998.

*Gale & Henley, Teddy L. Henley,* for appellant.

*Tambra P. Colston, District Attorney, C. Stephen Cox, Martha P. Jacobs, Assistant District Attorneys,* for appellee.