## A99A0134. CONDRA v. THE STATE.
### (518 SE2d 186)

POPE, Presiding Judge.

Walter J. Condra appeals from his convictions for child molestation and aggravated sexual battery involving his four-year-old niece. We affirm.

1. Condra contends the trial court erred in allowing similar transaction testimony regarding sexual contact between Condra and his sister because it was hearsay. When Condra's sister took the stand, she first refused to testify regarding sexual activity with Condra, stating, "No comment" in response to the prosecutor's questions. However, upon further questioning, she denied telling the police investigator that Condra had talked her into performing oral sex when she was 11 years old. She also said that Condra had never fondled her breasts or vagina and that he had never had sexual intercourse with her. Condra's counsel declined any cross-examination of the sister.

The trial court then allowed the police investigator to testify as to the sister's prior statement, in which she said that Condra had "pursued" her into performing oral sex on him when she was around 11 and he was 13. The court also allowed Condra's half-brother to testify that the sister had admitted to him that she and Condra had engaged in vaginal intercourse.

We find that this testimony was correctly admitted as a prior inconsistent statement by the sister. "[A] prior inconsistent statement of a witness who takes the stand and is subject to cross-examination is admissible as substantive evidence, and is not limited in value only to impeachment purposes." *Gibbons v. State*, 248 Ga. 858, 862 (286 SE2d 717) (1982). While Condra's sister refused to answer most of the prosecutor's questions, she did deny having certain forms of sexual contact with Condra. The testimony regarding the sister's prior statements directly contradicted her denials on the stand and thus was admissible as a prior inconsistent statement. See id.; *Kapua v. State*, 228 Ga. App. 193, 195 (1) (491 SE2d 387) (1997); *Foster v. State*, 216 Ga. App. 26, 28 (2) (453 SE2d 482) (1994).

2. Condra also asserts that the sexual incidents involving his sister were not similar to the crime with which he was charged because they were too remote in time, because he was a juvenile when the incidents occurred, and because the incidents were different from the acts with which he was charged.

We will not disturb a trial court's determination that similar transaction evidence is admissible absent an abuse of discretion. *Livery v. State*, 233 Ga. App. 332, 334 (1) (a) (503 SE2d 914) (1998).

> In crimes involving sexual offenses, evidence of similar previous transactions is admissible to show the lustful disposition of the defendant and to corroborate the victim's testimony. There need only be evidence that the defendant was the perpetrator of both crimes and sufficient similarity or connection between the independent crime and the offenses charged.

(Citation and punctuation omitted.) *Gibbins v. State*, 229 Ga. App. 896, 899 (4) (495 SE2d 46) (1997).

The evidence showed the incident of oral sex between Condra and his sister occurred some 21 years prior to trial, and at least 20 years before the incidents with Condra's niece. There was no evidence of the date of the acts of sexual intercourse, so Condra contends that such acts also could have occurred while both he and his sister were children and thus were too remote in time.

> The rules regarding the use of similar transaction evidence are construed most liberally in cases involving sexual offenses. The lapse of time between the charged offense and the similar transaction must be considered when deciding whether to admit evidence of independent crimes; however, particularly in cases involving the sexual exploitation of young family members over generations, the remoteness in time is not wholly determinative, but goes to weight and credibility.

(Citations omitted.) *Nichols v. State*, 221 Ga. App. 600, 601-602 (3) (473 SE2d 491) (1996). In such cases, this Court has allowed evidence of incidents occurring as much as 29 years earlier. See *Gibbins v. State*, 229 Ga. App. at 899 (4); *Nichols v. State*, 221 Ga. App. at 602; *Snow v. State*, 213 Ga. App. 571, 572 (2) (445 SE2d 353) (1994); *Starnes v. State*, 205 Ga. App. 882, 883 (1) (424 SE2d 4) (1992). Here the evidence showed numerous incidents of sexual molestation by Condra involving young family members over that 21-year time span.[1] Under these circumstances, we find the evidence relating to his sister was not too remote to be admissible.

---

[1] It is logical to assume that the acts of sexual intercourse would have occurred at some point after Condra pursued his sister for oral sex. But even if they occurred before, they would have occurred within the time frame allowed in similar cases as the sister was only 11 years old at the time of the incident of oral sex.

Neither does the fact that Condra was a juvenile affect the admissibility of this evidence. We have held that a "defendant's youth at the time of the similar transaction should be considered when deciding if the testimony should be admitted to show lustful disposition and inclination, i.e., bent of mind." *Stephens v. State*, 205 Ga. App. 403, 404 (1) (422 SE2d 275) (1992). In the instance of oral sex, the evidence showed that Condra "pursued" his sister until she consented to perform oral sex upon him. Given defendant's age and his persistence, his request for oral sex was "not the faultless act of an innocent child," but rather demonstrates evidence of his bent of mind. Id.; *Gilham v. State*, 232 Ga. App. 237, 239 (1) (501 SE2d 586) (1998). The same can be said for repeated acts of sexual intercourse with his sister.

Condra also notes that because the state did not provide a date when the incidents of sexual intercourse with his sister occurred, they could be acts of consensual sex between two adults and thus unrelated to the acts for which he was tried. As previously noted, the rules regarding the admissibility of prior acts are most liberally extended in the area of sexual offenses, particularly those involving children. *Fields v. State*, 233 Ga. App. 609, 610 (1) (504 SE2d 777) (1998). The evidence regarding Condra's sexual intercourse with his sister was admissible to show his bent of mind and lustful disposition with regard to his younger family members. See *Phagan v. State*, 268 Ga. 272, 279 (4) (486 SE2d 876) (1997). Cf. *Miller v. State*, 219 Ga. App. 213, 217 (3) (464 SE2d 621) (1995).

Accordingly, we find no abuse of discretion by the trial court in allowing the admission of the evidence regarding Condra's sister.

3. Condra also argues that it was error to allow testimony regarding his sexual contact with his half-brother. The half-brother testified that Condra had molested him and engaged in forcible sodomy with him on several occasions when he was six to eight years old. At the time of these incidents, Condra was in his early to mid-20's and married. Condra argues that this evidence should not have been admitted as a similar transaction because it was too remote in time, occurring seven to nine years before the incidents involving his niece, and because the incidents, which involved the anal penetration of a male child, were not sufficiently similar to the charge that he touched his niece's vagina, with no allegations of penetration.

For the reasons noted above, we find that these incidents were not too remote in time to be admissible. Moreover, "[t]he sexual abuse of young children, regardless of the sex of the victims or the nomenclature or type of acts perpetrated upon them, is of sufficient similarity to make the evidence admissible." *Willett v. State*, 223 Ga. App. 866, 872 (3) (a) (479 SE2d 132) (1996). Although the incidents here involved children of different sexes, they were substantially

similar in that they all occurred at the home where Condra was staying and involved a much younger family member. See *Swift v. State*, 229 Ga. App. 772, 775 (2) (d) (495 SE2d 109) (1997); *McCormick v. State*, 228 Ga. App. 467, 468 (3) (491 SE2d 903) (1997); *Hall v. State*, 204 Ga. App. 469, 470-471 (1) (419 SE2d 503) (1992).

We find, therefore, that the trial court properly admitted evidence of Condra's sexual relations with his half-brother.

*Judgment affirmed. Smith and Eldridge, JJ., concur.*

DECIDED MAY 20, 1999.

*Charles G. Wright, Jr.*, for appellant.

*Herbert E. Franklin, Jr., District Attorney, Christopher A. Arnt, Assistant District Attorney*, for appellee.