## A09A0714. MOTE v. THE STATE.
### (676 SE2d 379)

ELLINGTON, Judge.

A Floyd County jury found Kimberly Faye Mote guilty of aggravated sodomy, OCGA § 16-6-2 (a) (2); child molestation, OCGA § 16-6-4 (a); and aggravated child molestation, OCGA § 16-6-4 (c). She appeals from the denial of her motion for new trial, challenging the sufficiency of the evidence and contending the trial court improperly limited her closing argument. For the reasons set forth more fully below, we reverse Mote's conviction for aggravated sodomy but affirm her remaining convictions.

1. Mote contends that the State failed to adduce evidence sufficient to sustain her convictions and that the trial court should have directed a verdict of not guilty as to each offense.

> On appeal from a criminal conviction, the evidence is viewed in the light most favorable to the verdict. We do not weigh the evidence or determine witness credibility but only determine whether the evidence is sufficient under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). The standard for reviewing both a challenge to the sufficiency of the evidence and the denial of a motion for a directed verdict is that the verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

(Citations omitted.) *Corbett v. State*, 277 Ga. App. 715 (1) (627 SE2d 365) (2006). So viewed, the record reveals the following relevant evidence.

Ten-year-old J. G. testified that, on the weekends, she stayed with her father, Larry Gott, and his live-in girlfriend, Kimberly Mote. Gott and his wife divorced when J. G. was an infant, and J. G. began visitation with him shortly after the divorce. The State adduced evidence that while J. G. was in Gott's custody, he molested her many times over a number of years and in a variety of ways,

including performing oral sex on J. G. and having J. G. perform oral sex on him. Gott also made J. G. watch videotapes depicting sex acts between women. A doctor testified that J. G.'s hymen was torn in a manner consistent with sexual abuse.

Kimberly Mote lived with Gott for the last four of the six years during which the sexual abuse was alleged to have occurred. J. G. testified that Mote was always present in the home when she was there, and that Mote came into the bedroom several times while her father was molesting her. J. G. testified that Mote was present when Gott forced her to watch pornographic videos, and that Mote would touch Gott while Gott touched J. G. J. G. stated that on one occasion, while Gott was performing oral sex on J. G., Mote came into the bedroom and "got on top" of Gott. J. G. described in detail how Gott and Mote positioned their bodies. She explained that Gott was nude and that Mote was not wearing her shorts and underwear. J. G. said that Mote moved "up and down" on top of Gott.

Mote contends that this evidence was not sufficient to support her convictions for child molestation, aggravated child molestation, or aggravated sodomy.

(a) *Child Molestation.* Pursuant to OCGA § 16-6-4 (a), a "person commits the offense of child molestation when he or she does any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person." The indictment alleged that Mote committed child molestation by having sexual intercourse with Gott in J. G.'s presence.

J. G. stated that Mote came into the room while her father was performing oral sex on her. The jury was authorized to infer that Mote committed the indecent and immoral act of intentionally having sexual intercourse with Gott in the child's presence, given J. G.'s statements concerning Mote's and Gott's state of undress, how Mote and Gott had positioned their bodies, and Mote's action of "going up and down" on Gott. See *Grimsley v. State*, 233 Ga. App. 781, 784-785 (1) (505 SE2d 522) (1998) (open and intentional act of sexual intercourse in the presence of a child is an immoral and indecent act). Further, the jury could infer that Mote, by engaging in an act of sexual intercourse in the child's presence, intended to satisfy her sexual desires and those of the child. Id. Finally, the "testimony of a victim of child molestation or aggravated child molestation need not be corroborated." (Citations omitted.) *Vickers v. State*, 241 Ga. App. 452, 453 (527 SE2d 217) (1999). Thus, the evidence adduced was sufficient to support this conviction beyond a reasonable doubt.

(b) *Aggravated Child Molestation.* OCGA § 16-6-4 (c) provides that a "person commits the offense of aggravated child molestation

when such person commits an offense of child molestation which . . . involves an act of sodomy." The indictment alleged that Mote, while engaging in "sexual behavior" with Gott, encouraged him to perform oral sex on J. G. The evidence shows that Mote engaged in "sexual behavior" by having intercourse with Gott while he performed oral sex, an act of sodomy, on J. G. This evidence was sufficient to support the conviction for aggravated child molestation beyond a reasonable doubt. See *Prudhomme v. State*, 285 Ga. App. 662, 663-665 (1) (647 SE2d 343) (2007).

(c) *Aggravated Sodomy*. OCGA § 16-6-2 (a) (1) provides that a person commits the offense of sodomy "when he or she performs or submits to any sexual act involving the sex organs of one person and the mouth or anus of another." Under Georgia law, a "person commits the offense of aggravated sodomy when he or she commits sodomy with force and against the will of the other person or when he or she commits sodomy with a person who is less than ten years of age." OCGA § 16-6-2 (a) (2). The indictment alleged that Mote and Gott committed aggravated sodomy by having J. G., who was less than ten years old at the time, perform oral sex on Gott. Although J. G. testified that Gott, at some point, made her put her mouth on his penis, we found no evidence in the record (nor has the State pointed to any) showing that Mote was present and intentionally aided and abetted this particular offense. See *In the Interest of J. Q. W.*, 288 Ga. App. 444, 446-447 (b) (654 SE2d 424) (2007) ("Mere presence at the scene of a crime and mere approval of the criminal act are not sufficient evidence to establish that the defendant was a party to the crime.") (citation and punctuation omitted); see also *Parker v. State*, 190 Ga. App. 126 (378 SE2d 503) (1989) (accord). Because the State failed to show that Mote participated in the act of aggravated sodomy as alleged in the indictment, the evidence adduced was insufficient to support this conviction beyond a reasonable doubt.

2. Mote contends the trial court erred in curtailing her closing argument by sustaining the State's objection to Mote's attempt to draw and to argue inferences from the State's failure to call J. G.'s mother as an outcry witness. Pretermitting whether the court erred in sustaining the State's objection,[1] the record shows that when the court asked Mote to respond to the State's objection, Mote acquiesced in the ruling and agreed to "move on to something else." She did not voice any objection to the court's ruling until after the jury

---

[1] In *Morgan v. State*, 267 Ga. 203, 205-207 (3), (4) (476 SE2d 747) (1996), the Supreme Court of Georgia held that "defense and prosecuting counsel are equally able to comment on the failure of the other to present certain witnesses as long as that argument is derived from evidence properly before the factfinder," that is, if there is competent evidence before the jury that a missing witness has knowledge of material and relevant facts. Id.

had been charged and had retired to the jury room, when she asked for a mistrial or for the opportunity to give additional closing argument.

As we have held, "[n]o matter how erroneous a ruling of a trial court might be, a litigant cannot submit to a ruling or acquiesce in the holding, and then complain of the same on appeal. He must stand his ground. Acquiescence deprives him of the right to complain further." (Citation and punctuation omitted.) *Compton v. State*, 281 Ga. 45, 46 (2) (635 SE2d 766) (2006); *Whisnant v. State*, 178 Ga. App. 742, 744 (2) (344 SE2d 536) (1986). Because the record shows that Mote acquiesced in the court's ruling, waiving the right to complain further, we find no grounds for reversal.

*Judgment affirmed in part and reversed in part. Johnson, P. J., and Mikell, J., concur.*

DECIDED MARCH 3, 2009 —
RECONSIDERATION DENIED MARCH 26, 2009 

*Ronald G. Shedd*, for appellant.
*Leigh E. Patterson, District Attorney, Natalee L. Staats, Assistant District Attorney*, for appellee.

