## A10A1245. LEE v. THE STATE.
### (701 SE2d 582)

MILLER, Chief Judge.

Following a jury trial, Blake Lee was convicted of a single count of aggravated sexual battery (OCGA § 16-6-22.2 (b)). Lee appeals, contending that (1) the evidence was insufficient to support his conviction; (2) the trial court erred in admitting similar transaction evidence; and (3) the trial court improperly limited the examination of the State's lead detective. Discerning no error, we affirm.

Viewed in the light most favorable to the verdict (*Drammeh v. State*, 285 Ga. App. 545 (646 SE2d 742) (2007)), the evidence showed that in December 2005, the victim, then 13, agreed to babysit Jordan, the four-year-old son of her mother's friend, Lisa, at Lisa's home. The victim's mother agreed to the arrangement only if the babysitting occurred in the evenings and if Lee, Lisa's older son, was not present in the home. When the victim awoke on Sunday morning after Jordan wet his bed, Lee unexpectedly walked into his mother's bedroom, where the victim had slept. After conversing briefly with the victim about the incident and Jordan's clothes, Lee put Jordan in the bathtub. The victim sat on the bed and turned on the television to watch some videos. When Lee returned to the bedroom, he laid down on the bed and asked the victim how old she was, making small talk. The victim told Lee that she was 13. Lee asked her if she was a "virgin" or a "freak"; if she had sex before or smoked marijuana; or knew anyone who sold marijuana. Although the victim was uncomfortable, she responded to Lee's questions. Lee then told the victim that she "should [have sex] with a guy like me." Jordan then called out that he was ready to get out of the tub, and Lee left to get him. When Lee returned to the bedroom, he grabbed the victim's arm and tried to kiss her neck and asked if she "ever had a guy kiss your neck before?" After the victim told him no, Lee said that he could do that for her and grabbed her arm and tried to kiss her neck. The victim pushed him off and left the room. As she did so, Lee grabbed the victim's left arm, pulled her back into the bedroom, threw her on the bed, and straddled her, pinning her shoulders down with his hands. The victim testified that when she wrestled with Lee to break free, he put his hand inside her underwear and inserted two fingers into her vagina, and moved them back and forth. The victim asked Lee to stop and let her go, but he refused. When the victim was able to push him off, Lee got up, and the victim left the room. Later, while she was

taking a shower, the victim noticed the excretion of blood from her vagina.

Although the victim did not initially tell her mother about the incident, she told several others, including her teacher, school counselor, the police, and a sexual assault nurse examiner.

During the trial, the trial court admitted similar transaction evidence of a prior sexual offense.

1. A rational trier of fact could have found the essential elements of aggravated sexual battery beyond a reasonable doubt based on the victim's testimony that Lee inserted his fingers into her vagina without her consent. OCGA § 16-6-22.1 (a) and (b); *Hendrix v. State*, 230 Ga. App. 604, 606 (4) (497 SE2d 236) (1997) (a person who penetrates intentionally and without consent the sexual organ of another with his finger commits the offense of aggravated sexual battery). See also *Pate v. State*, 269 Ga. App. 684, 687 (2) (605 SE2d 90) (2004) (corroboration of a victim's testimony is not required in an aggravated sexual battery case). Although Lee argues that there was no evidence of trauma or injury to the victim's vagina, penetration of the victim's sexual organ need only be slight and a physical injury need not be shown. *Hendrix*, supra, 230 Ga. App. at 606 (4).

2. Lee argues that the similar transaction evidence was inadmissible because the prejudicial effect of the prior offense outweighed its probative value, and as a juvenile, he was incapable of forming criminal intent. We disagree.

We will not disturb a trial court's ruling regarding the admissibility of similar transaction evidence absent an abuse of discretion. *Condra v. State*, 238 Ga. App. 174, 175 (2) (518 SE2d 186) (1999).

> In crimes involving sexual offenses, evidence of similar previous transactions is admissible to show the lustful disposition of the defendant and to corroborate the victim's testimony. There need only be evidence that the defendant was the perpetrator of both crimes and sufficient similarity or connection between the independent crime and the offense[ ] charged.

(Citations and punctuation omitted.) Id.

Prior to trial, the State presented evidence of Lee's 2002 juvenile adjudication for aggravated sexual assault, indecency with a child, and assault for the purpose of showing Lee's course of conduct and lustful disposition in the instant case. The 11-year-old female victim and her friend went to Lee's apartment to meet a male friend of Lee's. While there, Lee's friend and the victim's friend went to a back bedroom while the victim and Lee remained outside the apartment. After telling the victim about his sexual experiences, Lee

told the victim, "you should be in here giving me head," and grabbed and pulled her into the apartment. Lee then demanded that she perform oral sex on him, and when she refused, he struck her and threw her to the ground. Over the victim's objections, Lee pulled out his penis and forcibly "humped" her. At the time of the incident, Lee was 12 years old.

The record shows that the prior offense and the crime charged occurred at a residence; the victims were under the age of 14; Lee used suggestive language and sexual innuendo; and Lee grabbed each victim against her will and forcibly committed acts of a sexual nature. Since the State introduced the prior offense to show Lee's lustful disposition and course of conduct, there was a probative connection between the prior offense and the crime charged. As such, we find no abuse of discretion in the trial court's admission of the prior offense. *Condra,* supra, 238 Ga. App. at 175 (2); see also *Martin v. State,* 294 Ga. App. 117, 119 (2) (668 SE2d 549) (2008) (course of conduct and lustful disposition of defendant were proper purposes to admit crimes involving sexual offenses).

Nor are we persuaded that Lee's age alone renders the prior offense inadmissible. Although Lee contends that he lacked the capacity to form criminal intent as a 12-year-old (see OCGA § 16-3-1 ("[a] person shall not be considered or found guilty of a crime unless he has attained the age of 13 years at the time of the act, omission, or negligence constituting the crime")), we have held that a defendant's youth at the time of the prior offense is a relevant consideration "when deciding if the testimony should be admitted to show lustful disposition and inclination, i.e., bent of mind." *Stephens v. State,* 205 Ga. App. 403, 404 (1) (422 SE2d 275) (1992). Evidence that Lee bragged about his sexual prowess; demanded that the victim perform oral sex on him; and committed sexual acts with her demonstrated his lustful disposition. These actions were not the "faultless act[s] of an innocent child." Id.; *Gilham v. State,* 232 Ga. App. 237, 239 (1) (501 SE2d 586) (1998) (even though defendant was 12 or 13 at time he committed sexual battery, given his obvious understanding of sexual acts committed, his age did not render similar offense inadmissible). Accordingly, the trial court did not err in admitting the prior offense.

3. Lee contends that the trial court prevented him from questioning the State's lead detective about the victim's lack of a visible injury, which was inconsistent with her claim that she bled after the assault. This argument is waived.

Although a defendant is entitled to a thorough and sifting cross-examination of a witness, absent an abuse of discretion, we will not disturb a trial court's decision to admit or exclude evidence based on such examination, when an objection is made on the ground of

relevancy. *Shepherd v. State*, 245 Ga. App. 386, 388 (3) (537 SE2d 777) (2000).

During cross-examination of the State's lead detective, Lee's counsel elicited testimony which indicated that the victim had no physical trauma after an examination at the sexual assault center. Immediately after the assault, the victim did not see blood on her underwear, and it was not until she was in the shower that the victim noticed she was bleeding. When Lee's counsel asked the detective if "that seem[ed] odd," the State objected on the grounds of relevancy and the question as calling for speculation, which objection the trial court sustained. Lee's counsel stated, "Your Honor, she's a special victims —," but the trial court again sustained the State's objection. Lee's counsel resumed his questioning on a separate matter, and the detective was later excused.

Thereafter, the trial court allowed Lee's counsel to make a formal objection to his ruling on the State's objection and explained as follows:

> [I]n my view the question that you asked the witness would have required medical expertise and she has not been qualified to render any sort of medical expertise. Her testimony was that she was trained as a police officer, that at some point in time during her career in the Special Victims Unit she went and got some training by way of Special Victims Unit. But you neither locked in with her when that training was, nor did you lock in with her what exactly that training included. And as this witness was not qualified to render medical opinions, I sustained your objection[.]

Lee's counsel argued that the trial court prevented him from laying a foundation regarding the detective's training with the Special Victims Unit, because he wished to address "how many cases she'd seen where people had been bleeding[,]" but that he "[might] be able to get that out of the Sexual Assault examiner anyway." The trial court responded, "well you can do it on somebody more qualified because the way you phrased the question would require medical expertise[.]" Although the trial court gave Lee's counsel an opportunity to make a proffer, Lee's counsel indicated that he would need to hear the detective's response to his questions and did not know whether he could lay the foundation.

Even assuming the trial court erred in sustaining the objection, since Lee acquiesced in the trial court's ruling, he waived the right to complain on appeal. See *Mote v. State*, 297 Ga. App. 13, 16 (2) (676 SE2d 379) (2009) ("a litigant cannot submit to a ruling or acquiesce

in the holding, and then complain of the same on appeal") (citations and punctuation omitted).

*Judgment affirmed. Phipps, P. J., and Johnson, J., concur.*

DECIDED SEPTEMBER 17, 2010 — ▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Jonathan D. Aurelia,* for appellant.
*Daniel J. Porter, District Attorney, Andrette Watson, Assistant District Attorney,* for appellee.