## A11A1407. LEDFORD v. THE STATE.
(721 SE2d 585)

BARNES, Presiding Judge.

A jury convicted Michael Lee Ledford on two counts of aggravated child molestation, two counts of aggravated sexual battery and two counts of child molestation. Ledford filed a motion for new trial, which the trial court denied, and he now appeals. Following our review, we affirm.

The indictment charged Ledford with sexually assaulting his two stepdaughters on multiple occasions during the period May 1, 2007 through April 25, 2008. Both girls — B. D., who was eight years old at the time of the 2009 trial, and V. D., who was six years old — testified about the incidents upon which the charges were based. The State also introduced, pursuant to the Child Hearsay Statute, OCGA § 24-3-16, evidence of statements the two girls made to Upson County Sheriff's Department Investigator Casey Clark, licensed pediatrician Dr. Kathy Mansfield, and forensic interviewer Ashley Wilson, who interviewed the girls as part of the State's investigation into their allegations. In addition, the State presented testimony from Ledford's eleven-year-old cousin, who said that when she was three or four, Ledford had touched her vagina with his hand and attempted to put his penis in her mouth. She said they were at their grandmother's house, in Ledford's room and the bathroom when this occurred. The cousin testified that Ledford was interrupted when his sister came into the bathroom, saw what was happening and alerted their mother, who "whipped" Ledford.[1] The charges in this case included allegations, inter alia, that Ledford had engaged in similar behavior with his two stepdaughters, and the State proffered this

---

[1] The defense called Ledford's sister, who testified that she never saw Ledford improperly touching his cousin, and his mother, who testified that she was not told of any incident at the time and never punished Ledford for it.

similar transaction testimony for the limited purpose of establishing Ledford's lustful disposition.

1. Ledford contends that the trial court erred in introducing the similar transaction evidence, which purportedly occurred when he was either 11 or 12 years old.[2] He argues that evidence of his behavior as a child was irrelevant to any sexual activity he is alleged to have committed as an adult.

We review a trial court's decision on the admission of similar transaction evidence for an abuse of discretion. *Condra v. State*, 238 Ga. App. 174, 175 (2) (518 SE2d 186) (1999).

> The exception to the general rule that evidence of other crimes is not admissible has been most liberally extended in the area of sexual offenses: In crimes involving sexual offenses, evidence of similar previous transactions is admissible to show the lustful disposition of the defendant and to corroborate the victim's testimony. There need only be evidence that the defendant was the perpetrator of both crimes and sufficient similarity or connection between the independent crime and the offenses charged.

(Footnote omitted.) *Brown v. State*, 275 Ga. App. 281, 284 (2) (620 SE2d 394) (2005).

"[Y]outh at the time of the similar transaction should be considered when deciding if the testimony should be admitted to show lustful disposition and inclination, i.e., bent of mind." *Stephens v. State*, 205 Ga. App. 403, 404 (1) (422 SE2d 275) (1992). The age of the defendant when the similar transaction occurred is relevant when balancing the probative value of the evidence against its potentially prejudicial impact. Id. Depending on the circumstances of the case, the defendant's age can act to diminish the probative value of the evidence, resulting in the exclusion of the evidence as more prejudicial than probative. To that end, the State must show a "probative connection" between the similar transaction and the crime for which the defendant is presently being tried. *Lee v. State*, 306 Ga. App. 144, 146 (2) (701 SE2d 582) (2010); see *Gilham v. State*, 232 Ga. App. 237, 239 (1) (501 SE2d 586) (1998) (defendant was 12 or 13 at time he committed sexual battery, but given his obvious understanding of sexual acts committed, his age did not render similar offense inadmissible).

In this case, the cousin, eleven at the time of the trial, testified that when she was three or four, Ledford, who was then either eleven

---

[2] Although we could locate no evidence of Ledford's precise age, his counsel argued at the similar transaction hearing that he was 11 or 12 at the time of the incident.

or twelve, touched her on her "private parts" and also attempted to put his "private parts" in her mouth. The two were in Ledford's bedroom on one occasion and in the bathroom on a separate occasion. The trial court properly considered Ledford's youth at the time of the similar transaction, along with the significant age difference — 8 or 9 years — between Ledford and the cousin, Ledford's attempt to conceal his behavior by acting in secluded locations, and the nature of the acts he committed before concluding that the evidence was admissible. Under our law, despite Ledford's age at the time, this evidence was relevant to show Ledford's lustful disposition with regard to younger females — the conduct with which he was charged in the present case. See *Condra v. State*, 238 Ga. App. at 175 (2) (evidence of defendant's intercourse with his sister when he was a juvenile was admissible to show his bent of mind and lustful disposition with regard to younger family members); compare *Maynard v. State*, 282 Ga. App. 598, 602-604 (3) (639 SE2d 389) (2006) (similar transaction evidence of the defendant's sexual misconduct with two male cousins twenty years previously, when the defendant was a minor, was inadmissible in his trial for aggravated child molestation with a female victim). Accordingly, the trial court properly admitted the similar transaction evidence at issue.

2. Ledford also contends that the trial court erred in admitting, pursuant to OCGA § 24-3-16, testimony from Clark, Mansfield and Wilson regarding statements made to them by his two stepdaughters. Ledford asserts that his trial counsel carefully "avoided even a suggestion that he was attacking the credibility of either" child victim during his cross-examination. Thus, he argues that the State had no proper purpose for introducing the children's hearsay statements but rather introduced the statements for the purpose of improperly bolstering the children's testimony.

"The trial court has broad discretion in determining the admissibility of child hearsay evidence, and we will reverse a trial court's ruling on the admissibility of statements under OCGA § 24-3-16 only if the trial court abused its discretion." (Citation and punctuation omitted.) *Phillips v. State*, 284 Ga. App. 224, 227 (1) (b) (644 SE2d 153) (2007). We find no such abuse of discretion in the trial court's decision to allow this testimony under OCGA § 24-3-16. "[T]he credibility of a witness is a matter for the jury, and a witness' credibility may not be bolstered by the opinion of another witness as to whether the witness is telling the truth." (Citation and punctuation omitted.) *Freeman v. State*, 282 Ga. App. 185, 188 (638 SE2d 358) (2006). The witnesses here did not opine as to whether the children were telling the truth but rather testified regarding the children's statements to them. "This Court has held that the Child

Hearsay Statute actually contemplates testimony from both the child and those witnessing the child's later reaction, even if the hearsay may be 'bolstering.' Any 'bolstering' can be explored by defendant in cross-examination." (Citation, punctuation and footnote omitted.) *Bell v. State*, 294 Ga. App. 779, 781 (4) (670 SE2d 476) (2008). Accordingly, this enumeration is without merit.

3. Ledford further argues that the trial court erred in allowing Mansfield to give opinion testimony to show that the children's recitation of events was consistent with child abuse. He asserts that this testimony was introduced to improperly bolster the children's testimony and was not an opinion that was outside the ken of the jury.

The State proffered Mansfield as an expert in the field of child sexual abuse, and with no objection from the defense,[3] the trial court so qualified her. Later during Mansfield's direct examination, the prosecutor asked, "Based on your training and experience and your expertise in this field of child sexual abuse, were [B. D. and V. D.'s] statements given to you as part of the medical history of this exam consistent with children that have been sexually abused?" Although Ledford's counsel objected when the prosecutor first posed the question, he clarified his objection during the subsequent colloquy: "As long as he asks . . . that question and he's asking an expert to her opinion, then I have no problem with it. And if he says he's not gonna ask the follow-up question, then I think we're done with the issue." The prosecutor then asked the question, Mansfield answered in the affirmative, and the prosecutor asked nothing further. Ledford's counsel began his cross-examination by asking, "So the statements given to you were consistent, correct?" Under these circumstances, Ledford has no ground to contest the trial court's ruling. "[I]t is well-established that a party may not complain on appeal of a ruling that he contributed to or acquiesced in by his own action, trial strategy, or conduct." (Punctuation and footnote omitted.) *State v. Madison*, 311 Ga. App. 31, 35 (2) (b) (714 SE2d 714) (2011).

In any event, "Georgia law is well established that an expert may express an opinion as to whether medical or other objective evidence in the case is consistent with the victim's story." (Citation and punctuation omitted.) *Hubert v. State*, 297 Ga. App. 71, 78 (7) (c) (i) (676 SE2d 436) (2009). "It follows that . . . opinion testimony that the physical examinations . . . conducted on the children were consistent with their accounts of sexual abuse was not improper." Id. (clinical social worker expert testified that children's disclosures and

---

[3] Ledford's defense counsel, in fact, responded, "I have absolutely no objection. If [the prosecutor] is not going to tender her, I will."

their demeanor during disclosure were consistent with child abuse). See also *Osborne v. State*, 291 Ga. App. 711, 714 (3) (662 SE2d 792) (2008) (affirming admission of expert testimony that child's manner of responding during interview not consistent with being coached). Accordingly, we find no error.

4. Finally, Ledford argues that his trial counsel rendered ineffective assistance by switching trial strategy based upon the evidentiary rulings of the trial court.

> To prevail on a claim of ineffective assistance, appellant must show that counsel's performance was deficient and that the deficient performance so prejudiced the client that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different. We need not address both the deficient performance and prejudice prongs of the test if the defendant has made an insufficient showing on either prong.

(Citations and punctuation omitted.) *Towry v. State*, 304 Ga. App. 139, 143 (2) (695 SE2d 683) (2010). See *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). To prove deficient performance, the defendant "must overcome the strong presumption that counsel's performance fell within a wide range of reasonable professional conduct[.]" (Citation and punctuation omitted.) *Cloud v. State*, 290 Ga. 193, 197 (4) (719 SE2d 477) (2011). And "[t]rial tactics and strategy, no matter how mistaken in hindsight, are almost never adequate grounds for finding trial counsel ineffective unless they are so patently unreasonable that no competent attorney would have chosen them." (Punctuation and footnote omitted.) *Gray v. State*, 291 Ga. App. 573, 579 (2) (662 SE2d 339) (2008).

Having reviewed the record in this case, we cannot say that trial counsel's strategic decisions were so patently unreasonable that no competent attorney would have chosen them. Accordingly, Ledford was unable to demonstrate that his trial counsel rendered deficient performance, and thus could not succeed on his ineffective assistance claim.

*Judgment affirmed. Miller, P. J., Phipps, P. J., Ellington and Doyle, JJ., concur. Adams and Blackwell, JJ., concur in part and dissent in part.*

ADAMS, Judge, concurring in part and dissenting in part.

Although I concur fully in Divisions 2, 3 and 4 of the majority opinion, I respectfully dissent as to Division 1 because I believe that the State failed to show a logical connection between the proffered

similar transaction evidence, which occurred when Ledford was 11 years old, and the charges in this case.

As the majority notes, a "defendant's youth at the time of the similar transaction should be considered when deciding if the testimony should be admitted to show lustful disposition and inclination, i.e., bent of mind." *Stephens v. State*, 205 Ga. App. 403, 404 (1) (422 SE2d 275) (1992). Accordingly, when the State has attempted to introduce similar transaction evidence involving youthful offenders, this Court has consistently required some evidence that the defendant was aware that his actions were unusual or improper. In the *Stephens* case, this Court affirmed the admission of a similar transaction that occurred ten years earlier when the defendant was thirteen and the victim was eight. The Court determined that the defendant "obviously realized [that] he was not making a common request of his friend" because he offered the victim his motorcycle in exchange for a "blow job" and concluded that "his request was not the faultless act of an innocent child." Id. Similarly, in *Condra v. State*, 238 Ga. App. 174, 176 (1) (518 SE2d 186) (1999), this Court found that where the testimony showed that the then 13-year-old defendant " 'pursued' his [then 11-year-old] sister until she consented to perform oral sex upon him," the defendant's age and persistence demonstrated his bent of mind. Thus, the similar transaction was admissible. Id. And in *Gilham v. State*, 232 Ga. App. 237, 238 (1) (501 SE2d 586) (1998), this Court affirmed the State's introduction of an incident that occurred when the defendant was twelve to thirteen and the victim, his stepsister, was four or five years old. There, the defendant admitted at the time of the prior offense that he knew the difference between a good and bad touch and that he was embarrassed by what he had done to his stepsister. Under those circumstances, this Court concluded that the defendant understood the sexual act committed. Id. In *Lee v. State*, 306 Ga. App. 144, 146 (2) (701 SE2d 582) (2010), the defendant had previously been adjudicated delinquent for aggravated sexual assault, indecency with a child and assault in connection with an incident that occurred when he was 12 years old and the victim was 11 years old. This Court held that evidence from the earlier incident showing "that Lee bragged about his sexual prowess; demanded that the victim perform oral sex on him; and committed sexual acts with her demonstrated his lustful disposition." Id.

But here, the State presented no evidence to show that 11-year-old Ledford understood the nature of the acts he allegedly committed against his young cousin. And I know of no authority allowing a presumption of such knowledge in a child of that age. To the contrary, under OCGA § 16-3-1 "[a] person shall not be considered or found guilty of a crime unless he has attained the age of 13 years at

the time of the act, omission, or negligence constituting the crime." Although this Court has held the lack of criminal capacity does not in and of itself render similar transaction evidence inadmissible, it has required additional proof that such a transaction "was not the faultless act of an innocent child" in order to find such evidence admissible. *Lee v. State*, 306 Ga. App. at 146 (2). Thus, while it may be presumed that a child of 13 years or older is accountable for his actions, Georgia law provides that the same cannot be said for a child under 13 years of age.

The only evidence presented here was the cousin's testimony that the acts occurred. Nothing in her description of the circumstances indicates that Ledford knew at the time that his actions were wrong or unusual. Although she also testified that the incidents occurred in Ledford's bedroom and bathroom, both at his grandmother's house, there was no evidence that he attempted to conceal his actions. In fact, the cousin testified that the door to the bathroom was open at the time Ledford's sister walked in and saw what Ledford was doing. She also testified that her two-year-old brother had previously walked in and observed what was happening. The evidence does not support the majority's conclusion that the incidents occurred in a "secluded" location. In fact, nothing in the record indicates whether Ledford performed these acts with a lustful disposition or whether they were "the faultless act[s] of an innocent child." *Stephens v. State*, 205 Ga. App. at 404 (1). While Ledford certainly could have been aware of the nature of his acts, it is also possible, for example, that he was merely mimicking behavior he had observed from a movie, television, or elsewhere. Thus, the record provides no evidence on this point to support the introduction of the similar transaction evidence.

Moreover, contrary to the majority opinion, it is apparent from the record that the trial judge at the similar transaction hearing gave little or no consideration to Ledford's youth in ruling on its admissibility. The judge made very little inquiry into the earlier incident and declined to hear any evidence on the issue. The State indicated only that the acts occurred in a bathroom to argue their similarity to this case and never informed the judge that part of the incident occurred in a bedroom. The prosecutor, in fact, had not even spoken to the victim at the time of the similar transaction hearing. Thus, the trial court had no information from which to conclude that the location of the incident was supposedly secluded when it ruled on the evidence's admissibility. Rather, he simply looked to the purpose for which the evidence was offered, determined that the proffer was sufficient to show that incident actually occurred based upon the cousin's contemporaneous outcry to her parents, and relied upon the similarity of the actions to determine that "the existence of one

purports to prove the latter transactions." The judge who presided at trial did not issue any ruling on its admissibility, but rather relied upon the other judge's earlier ruling.

While Ledford's actions in the earlier transaction as described by his cousin were indeed similar to the actions alleged against him in this case, the earlier acts were alleged to have been committed when Ledford was only 11 years old. The State proffered this evidence to show "he had a lustful disposition when he was 11 years old to victimize young children and he still has that disposition." Given Ledford's youth, I would find that the State bore the burden of producing evidence to show that he committed those acts with at least some awareness or knowledge of their nature before they can be admitted as evidence of a lustful disposition. In other words, the State is required to show "some logical connection between the independent act and the crime for which the defendant is being tried." *Hudson v. State*, 271 Ga. 477, 479 (2) (521 SE2d 810) (1999). Because the State failed to show that 11-year-old Ledford committed those acts with the requisite awareness or knowledge, it failed to establish a logical connection between the earlier incident and this case. Thus, the trial court abused its discretion in admitting the similar transaction evidence. See *Maynard v. State*, 282 Ga. App. 598, 604 (3) (639 SE2d 389) (2006) (no logical connection existed between defendant's action as a child 20 years earlier and his later actions as an adult). I cannot say this was harmless error in this case, where there was no medical evidence of abuse and the case rested primarily on statements provided by the two child victims. Accordingly, as "[the similar transaction evidence] is highly and inherently prejudicial, irrelevant and inadmissible," *Hudson v. State*, 271 Ga. at 479 (2), I would reverse Ledford's convictions on this ground. See *Maynard v. State*, 282 Ga. App. at 604 (3).

I am authorized to state that Judge Blackwell joins in this opinion.

DECIDED DECEMBER 1, 2011 —
RECONSIDERATION DENIED DECEMBER 16, 2011.

*Walker L. Chandler*, for appellant.
*Scott L. Ballard, District Attorney, Robert W. Smith, Jr., Assistant District Attorney*, for appellee.