## S12A0047. JACKSON v. THE STATE.
(727 SE2d 454)

HUNSTEIN, Chief Justice.

Joshua Jackson was convicted of malice murder in connection with the beating death of Okedas McClure.[1] Jackson contends that there was insufficient evidence to support a murder conviction and the trial court improperly admitted similar transaction evidence. Because the evidence was sufficient and the trial court did not abuse its discretion in admitting the similar transaction evidence, we affirm.

1. The evidence presented at trial shows that Jackson received a counterfeit $20 bill from McClure for drugs. A neighbor in the Bankhead Court apartments observed Jackson on the steps of his porch complaining about the phony money. Armed with a baseball bat, Jackson was later seen with Dorian Heard, his mother's boyfriend, standing outside an abandoned apartment where McClure was staying. Heard testified that he asked McClure to give back the drugs, and McClure responded by poking him. Heard pushed McClure off, and they argued. Heard turned to leave the apartment and heard the sound of someone being hit. He looked back and saw McClure sitting on the floor and Jackson with the bat in his hand. A short time later, Jackson bragged to several residents that he had just beaten a man for counterfeiting him. Two men alerted the victim's niece that she needed to check on her uncle, and she found him sitting in the corner of the apartment, unresponsive and covered in blood. McClure was taken to the hospital where he underwent brain surgery twice. The attending neurosurgeon determined that McClure had

---

[1] The crime occurred on June 30, 2007, and the victim died on July 7, 2007. Jackson was indicted in Fulton County on January 4, 2008, for malice murder, felony murder, and aggravated assault. On April 3, 2008, a jury found him guilty of all three counts, and the trial court sentenced him to life imprisonment for malice murder; the felony murder conviction was vacated by operation of law, and the aggravated assault conviction merged into the malice murder conviction. Jackson filed a motion for new trial on April 15, 2008, and an amended motion for new trial on February 1, 2011. Following a hearing, the trial court denied the motion on May 16, 2011, and Jackson filed a notice of appeal on May 19, 2011. The case was docketed for the Court's January 2012 term and submitted for decision on the briefs.

been hit two or three times and that his injuries could have been caused by a bat. McClure died a week later from complications due to blunt force trauma to the head. After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found Jackson guilty beyond a reasonable doubt of the crimes charged. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Jackson contends that the trial court erred in admitting evidence of a similar transaction committed when he was a juvenile because its prejudicial impact outweighed its probative value. The State presented testimony that two years earlier Jackson hit an older cousin, Thaddeus Long, on the back of the head with a hammer after they argued over a torn shirt. As a result, Long was required to stay overnight in the hospital and received seven staples to his head.

To admit evidence of an independent offense or act committed by the accused, the state must show that it seeks to introduce the evidence for an appropriate purpose, there is sufficient evidence to establish that the accused committed the independent offense, and there is a sufficient connection or similarity between the independent offense and the crime charged so that proof of the independent act tends to prove the crime charged. *Williams v. State*, 261 Ga. 640 (2) (409 SE2d 649) (1991). We accept the trial court's findings of fact unless they are clearly erroneous and will uphold the decision to admit the similar transaction evidence unless there has been an abuse of discretion. *Reed v. State*, 291 Ga. 10 (727 SE2d 112) (2012).

Following a hearing, the trial court found that the prior incident was offered for a proper purpose, which was to show course of conduct and bent of mind, and Long identified Jackson as the person who committed the earlier assault. Further, the trial court found that the independent offense and the case on trial were sufficiently similar. Specifically, it found that both incidents involved arguments over minor matters, there was no real provocation in either instance, the victims were struck in the head with an object, and their injuries were sufficiently severe to require a hospital stay. Relying on prior cases, it rejected the argument that the evidence should be excluded because Jackson committed the independent offense as a juvenile. See *Edwards v. State*, 282 Ga. 259, 260-261 (5) (646 SE2d 663) (2007) (affirming trial court's decision to admit evidence of an aggravated assault that defendant committed as a 14-year-old). See also *Waugh v. State*, 263 Ga. 692, 693 (2) (437 SE2d 297) (1993) (concluding that a 15-year-old is capable of forming the requisite criminal intent to commit criminal damage to property in the first degree); *Lee v. State*, 306 Ga. App. 144, 146 (2) (701 SE2d 582) (2010) (rejecting argument that juvenile adjudication was inadmissible because defendant was

not capable of forming criminal intent). We conclude that the trial court did not abuse its discretion in admitting the similar transaction evidence. Therefore, we affirm.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 7, 2012.

*Raina J. Nadler*, for appellant.

*Paul L. Howard, Jr., District Attorney, Paige Reese Whitaker, Christopher M. Quinn, Assistant District Attorneys, Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Katherine R. Thrower, Assistant Attorney General*, for appellee.