A07A1552. JACKSON v. THE STATE.
(654 SE2d 232)

BARNES, Chief Judge.

  Ronnie Jackson was convicted of battery and aggravated assault. After his motion for a new trial was denied, he appealed to this court. We remanded to the trial court for a hearing on his claim of ineffective assistance of counsel. After a hearing on that claim, the trial court again denied his motion for a new trial. Jackson appeals, contending that his counsel was ineffective and that his due process rights were violated by an improper jury instruction. For the reasons that follow, we affirm.

  The transcript shows Jackson and the victim had known each other for more than three years and had been living together in a motel room at the time of the assault and battery. During the early morning of December 31, 2004, Jackson repeatedly struck the victim with a wine bottle, which resulted in cuts and bruises to the victim's face and a broken arm.

  At trial, Jackson's only defense was self-defense. According to Jackson, the victim had been using methamphetamine at a friend's house the afternoon before the incident, and became enraged upon returning to the motel room to find him on the phone with another woman. Jackson testified that she cut him with his pocket knife, and repeatedly kicked and "pounded" him while he spoke on the phone.

Jackson admits he stomped her legs repeatedly to defend himself, and pushed her down at least twice, causing injuries.

1. Jackson asserts that his counsel was ineffective for failing to object when the State's witness invaded the province of the jury and improperly bolstered the victim's credibility, failing to object when a State's witness failed to provide proper foundation for material evidence, failing to object when the State examined him about his family's character, and failing to object when the State questioned him on privileged information.

For Jackson to succeed on his claim of ineffective assistance of counsel, he "must show that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Smith v. Francis*, 253 Ga. 782 (325 SE2d 362) (1985). Moreover, "we accept the trial court's factual findings and credibility determinations unless clearly erroneous." *Suggs v. State*, 272 Ga. 85, 88 (4) (526 SE2d 347) (2000).

(a) The record shows the State offered the responding officer as an expert "for the limited purpose of testifying to how victims and suspects behave at domestic violence investigations." The officer testified that he had investigated well over 100 domestic violence cases and that victims and suspects exhibit certain behavior. The court allowed the officer to be questioned as an expert over trial counsel's objection. The State asked, "In your expertise and knowledge of domestic violence situations, did you think that [the victim] was telling the truth?" The officer replied affirmatively. The State then asked, "Did you feel like she was the primary aggressor?" At that point, trial counsel objected and asked that the answer to the first question about the victim's truthfulness be stricken from the record. The court sustained the objection, struck the record and told the jury to disregard the question and answer. Jackson's counsel moved for a mistrial but the motion was denied. The court again instructed the jury to disregard the first question and related answer. The State asked again, "Officer, did you feel like [the victim] was the primary aggressor in the case?" The officer replied, "No I didn't." The State followed up, "And you felt like she was the victim in the case?" The officer responded, "Yes, that's correct."

Under Georgia law, determining credibility is a task solely within the province of the jury. OCGA § 24-9-80. "We have repeatedly held that a witness, even an expert, can never bolster the credibility of another witness as to whether the witness is telling the truth." (Punctuation omitted.) *Mann v. State*, 252 Ga. App. 70, 72 (1) (555 SE2d 527) (2001). However, "the law does not mandate that trial counsel object when the prosecutor poses a question that allegedly violates that rule. . . . [T]he decision of whether to interpose certain

objections is a matter of trial strategy and tactics." (Citation and punctuation omitted.) *Powell v. State*, 272 Ga. App. 628, 631-632 (2) (c) (612 SE2d 916) (2005).

At the motion for new trial hearing, trial counsel was not questioned about his failure to object. He did testify that he did not want the officer qualified as an expert because "he would be giving an opinion to the jury's verdict who was the aggressor and our defense was based on that issue of who was the aggressor." Without trial counsel's testimony regarding this issue, we cannot assume that counsel's actions did not fall "within the wide range of reasonable professional assistance" that is presumed by *Strickland. Strickland*, supra, 466 U. S. at 689. "Informed strategic decisions do not constitute ineffective legal assistance." *Phillips v. State*, 277 Ga. 161, 163-164 (b) (587 SE2d 45) (2003).

(b) Jackson also contends trial counsel was ineffective for failing to object when a State's witness testified about a material fact without laying a proper foundation. Jackson argues that trial counsel should have objected when the investigating officer was asked whether he would have expected to see more blood in the hotel room if there had been a knife fight. He maintains that the officer was not qualified as an expert in forensics and "there was nothing in the record to demonstrate that [the officer] had any knowledge to testify that he would know how much blood would be present from a knife wound."

Trial counsel testified at the motion for new trial hearing that he could not recall whether he interviewed the officer before trial and whether he knew the officer was going to testify about the amount of blood in the hotel room. He further testified that if the officer was going to testify that the amount of blood in the room was consistent with Jackson's defense of self-defense, it would have been favorable to his defense strategy, but that he just could not recall whether he had interviewed him.

The trial court ruled that even if there had been an objection, it "probably would have let that in . . . [but] might have required more foundation." The trial court further found that, based on the witness's qualifications in domestic violence situations, it "would imagine that a proper foundation could have been laid if any additional foundation was necessary." The failure to make objections which would not have succeeded cannot support a claim of ineffective assistance of counsel. *Fults v. State*, 274 Ga. 82, 87 (7) (548 SE2d 315) (2001). As noted before, the trial judge, who oversaw the trial and heard the evidence presented at the hearing on the motion for new trial, makes the findings on whether the performance was deficient and whether it prejudiced the defendant, findings that this Court does not disturb unless clearly erroneous. *Kilpatrick v. State*, 252 Ga. App. 900, 902 (1)

(557 SE2d 460) (2001). We do not find the trial court's ruling regarding the effect of the admissibility of this evidence clearly erroneous.

(c) Jackson next contends that trial counsel was ineffective for failing to object when he was questioned about the character of his family. This contention is meritless. During the trial, Jackson testified that a person who sold him "ice" or methamphetamine was a "close friend of ours." The State then asked if Jackson was familiar with drugs and drug dealers within his circle of friends. Jackson responded, "If you want to look at my family, half of them are." The State asked, "Half of your family are drug dealers?" Jackson continued, "That's part of the reason we left up North and the other part of them down South are too."

"The State, like any other party, has the right to conduct a thorough and sifting cross-examination and to pursue the specifics of a topic the defendant introduced." (Citation and punctuation omitted.) *Blevins v. State*, 270 Ga. App. 388, 393 (606 SE2d 624) (2004). Thus, trial counsel was not ineffective for failing to make a meritless objection to this line of questioning.

(d) Jackson also contends that trial counsel was ineffective for failing to object when the State questioned him about privileged communication with his counsel.

The exchange in question occurred after Jackson testified during cross-examination that a witness, whose house he had purportedly visited on the day of the incident, was in North Carolina but could come to court if the State wanted. The State asked Jackson if he had asked his attorney to see the witness on his behalf, and later whether he had told his attorney about the witness.

Pretermitting whether the State's questioning of Jackson about whether he had informed his counsel about the witness constituted a violation of attorney-client privilege, Jackson totally failed to show how this encounter might have prejudiced his defense such that the outcome of the trial would have been different. To merely conclude that the State "improperly commented on a defendant's right to counsel," without more, is not sufficient to show prejudice.

2. Jackson last maintains that the trial court erred when it charged the jury on a form of aggravated assault not included in the indictment.

The indictment charged that Jackson "did make an assault in the person of [the victim] with a bottle, an object, which when used offensively against said person, was likely to result in serious bodily injury." During its charge the trial court read the indictment, then charged that "a person commits the offense of aggravated assault when he assaults another person with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury." Jackson argues that the

trial court erred by including the language "actually does" in the charge, when the indictment only charged that the object *was likely* to result in serious injury. We find this argument meritless.

Here, the trial court did not charge the jury on the entire aggravated assault statute, but charged the jury on only that part of the statute relating to the allegations of the indictment. The trial court's use of the language "actually does" was extraneous, as the trial court also read the accusation to the jury, which excluded any reference to "actually does," and instructed the jury that the State had the burden of proving every material allegation of the accusation and every essential element of the crimes charged beyond a reasonable doubt. Under the circumstances, "[t]he charge, when considered in its entirety, fairly instructed the jurors that they could convict the defendant only of the offense with which he was charged in the indictment." *Lumpkin v. State*, 249 Ga. 834, 836-837 (2) (295 SE2d 86) (1982). Accordingly, we find no reversible error.

*Judgment affirmed. Smith, P. J., and Miller, J., concur.*

DECIDED NOVEMBER 15, 2007.

*Zell & Zell, Rodney S. Zell*, for appellant.

*Gwendolyn Keyes Fleming, District Attorney, Barbara B. Conroy, Assistant District Attorney*, for appellee.