## A08A0341. SHAFFER v. THE STATE.
### (662 SE2d 864)

RUFFIN, Presiding Judge.

Following a jury trial, Johnnie Willard Shaffer was convicted of
two counts of aggravated child molestation, two counts of aggravated
sodomy, child molestation, and sexual battery. Shaffer subsequently
moved for a new trial, asserting that he received ineffective assis-
tance of counsel. The trial court denied the motion, and Shaffer
appeals. For the following reasons, we affirm.

Viewed favorably to the verdict,[1] the evidence shows that Shaffer
lived with his twin sister, her husband, and her stepchildren,
including eleven-year-old C. J. and ten-year-old J. J. While C. J. was
asleep, Shaffer "stuck his private in [C. J.'s] bottom and . . . had
[him] pinned down." Afterward, Shaffer threatened C. J., telling him
that he would make his life "a living h-e-l-l" if he told anyone.
Thereafter, in a separate incident, Shaffer approached C. J., pulled
the child's pants down, and restrained him; C. J. then "felt the same
thing [he] felt the first time." Shaffer threatened to kill C. J. if he
told anyone. Shaffer also "grabbed [J. J.'s] private," and let go only
after J. J. threatened to tell his father.

After the victims' father learned about the molestation, he took
the boys to the police station, where they described Shaffer's acts to

---

[1] See *Gay v. State*, 258 Ga. App. 854 (575 SE2d 740) (2002).

a police investigator. The police taped two interviews of C. J. and one of J. J., and the tapes were played for the jury. The jury found Shaffer guilty of the crimes charged.

In a single enumeration, Shaffer contends that he received ineffective assistance of counsel. Specifically, he asserts that trial counsel's performance was deficient because he failed to: object to testimony from the police investigator that improperly bolstered the victims' credibility; introduce evidence that there was no physical evidence that C. J. had been molested; and interview the physician that examined C. J. and introduce evidence obtained as a result that showed C. J.'s "propensity to lie."

In order to succeed on this claim, Shaffer must show that "trial counsel performed deficiently and that the result of the trial would have been different but for the deficiency."[2] Shaffer failed to make the requisite showing with respect to each of his allegations of ineffective assistance of counsel.

1. At trial, the prosecutor asked the investigating officer whether C. J.'s testimony during his interview was "consistent with what [C. J.] told the jury." The officer answered: "It was very consistent." The officer further stated that C. J.'s testimony remained consistent during the first and second interviews and at trial. The prosecutor also asked the officer whether J. J.'s statements to the officer were consistent with his trial testimony, and again the officer replied affirmatively.

Shaffer maintains that the officer's statements improperly bolstered the victims' credibility and, thus, trial counsel's failure to object thereto was ineffective. In Georgia, "[t]he credibility of a witness is a matter to be determined by the jury [or other fact-finder]."[3] And it is axiomatic that " 'a witness . . . can never bolster the credibility of another witness as to whether the witness is telling the truth.' "[4]

But "the law does not mandate that trial counsel object when the prosecutor poses a question that allegedly violates that rule. . . . The decision of whether to interpose certain objections is a matter of trial strategy and tactics."[5] Here, trial counsel was not questioned at the motion for new trial hearing about his failure to object to the investigator's allegedly improper testimony. And "[w]ithout trial counsel's testimony regarding this issue, we cannot assume that

[2] (Punctuation omitted.) *Campbell v. State*, 282 Ga. App. 854, 856 (4) (640 SE2d 358) (2006).

[3] OCGA § 24-9-80.

[4] *Jackson v. State*, 288 Ga. App. 432, 433 (1) (a) (654 SE2d 232) (2007).

[5] (Punctuation omitted.) Id. at 433-434.

counsel's actions did not fall within the wide range of reasonable professional assistance."[6]

Moreover, we question whether the investigator's testimony constituted improper bolstering. The investigator did not comment on the credibility of the victims, nor did he indicate whether he found them to be truthful. Instead, he testified that their statements were consistent from their interviews to their trial testimony; the jurors could readily verify this conclusion by their observations of the trial testimony and the tapes of the interviews that were admitted into evidence. As we have previously held, a child abuse investigator's "testimony that the victim's statements were consistent from one interview to the other was admissible over defendant's objection as to bolstering."[7] And trial counsel's failure to make a meritless objection does not constitute ineffective assistance of counsel.[8] Shaffer has not shown ineffective assistance of counsel on this basis.

2. Shaffer contends that trial counsel was deficient in failing to introduce evidence that a physical examination of C. J. found no physical evidence of the sexual abuse he alleged.

At the hearing on his motion for new trial, Shaffer's appellate counsel questioned trial counsel as to why he failed to call the emergency room physician who examined C. J. as a witness, given that the examination found no physical evidence of abuse. Trial counsel responded that the case "boil[ed] down to [the] believability of the children's statement[s]" and that in his experience, there often is no physical evidence in a sexual abuse case due to a lapse of time between the event and the physical examination. Also, the physician who examined C. J. testified that he would not be surprised to find a lack of physical injury in a sexual abuse case such as the instant one.

Trial counsel commented on the lack of physical evidence during his opening statement, stating

> I do not expect the State to be able to show you at all . . . any scientific evidence that these allegations are true. As an example, [there is] no medical [sic] that would show there was any medical or physical harm done to the child as a result of the acts that . . . supposedly have been perpetrated.

Trial counsel also cross-examined the police investigator about the lack of physical evidence and, during his closing argument, repeat-

---

[6] (Punctuation omitted.) Id. at 434.

[7] *Smith v. State*, 228 Ga. App. 144, 146 (1) (491 SE2d 194) (1997).

[8] See *Boyd v. State*, 289 Ga. App. 342, 346 (5) (656 SE2d 864) (2008).

edly commented on the lack of physical findings to corroborate C. J.'s allegation of anal penetration.

Trial counsel clearly made a tactical decision not to call the physician who examined C. J. — Dr. Clarence Hunter — and, instead, elected to comment on the State's failure to provide physical evidence to support the molestation allegations. "Decisions about which witnesses to call are generally matters of trial strategy, and provide no grounds for reversal unless they are so patently unreasonable that no competent attorney would have chosen that tactic."[9] Accordingly, we find this argument unavailing.[10]

3. Shaffer also argues that trial counsel's failure to interview Dr. Hunter before trial constituted ineffective assistance of counsel that requires reversal. At the hearing on Shaffer's motion for new trial, Dr. Hunter testified that his medical records for C. J. contained a neuro-developmental history taken while C. J. was in first grade. The history stated that C. J. "is always active, very active, cannot behave or still [sic]. He lies constantly. Gets mad when [he is] told to pick up his mess [and] clean his room."[11]

Shaffer contends that trial counsel's failure to interview Dr. Hunter resulted in his failure to introduce the report detailing C. J.'s "propensity to lie" and constituted ineffective assistance of counsel. However, in order to prevail on this claim, Shaffer must demonstrate that the evidence was "relevant, admissible, and favorable to [his] defense, and that, if counsel had presented the evidence at trial, the outcome of the trial would have been different."[12]

Shaffer has not met this burden. We question whether the statement, made by an unknown person, that C. J. — who was in the sixth grade at the time of the trial — lied and got angry when told to clean his room when he was in the first grade would have been admissible or relevant. Moreover,

> the manner in which an attorney attacks the credibility of a witness falls within the ambit of trial tactics. Trial tactics and strategy, however mistaken they may appear with hindsight, are almost never adequate grounds for finding

---

[9] (Citation omitted.) *Freeman v. State*, 282 Ga. App. 185, 187 (2) (638 SE2d 358) (2006); see *Lockett v. State*, 258 Ga. App. 178, 182 (3) (c) (573 SE2d 437) (2002).

[10] See id.

[11] Although the history was admitted into evidence at the hearing, it is not included in the record. And the record does not indicate who made the statement.

[12] *Kohlhaas v. State*, 284 Ga. App. 79, 84 (2) (c) (643 SE2d 350) (2007).

trial counsel ineffective unless they are so patently unreasonable that no competent attorney would have chosen them.[13]

Under these circumstances, the trial court did not err in concluding that Shaffer failed to carry his burden of proving his claim of ineffective assistance of counsel.[14]

*Judgment affirmed. Andrews and Bernes, JJ., concur.*

DECIDED JUNE 4, 2008.

*Hube & Tucker, Matthew K. Hube,* for appellant.
*Richard A. Mallard, District Attorney, W. Scott Brannen, Assistant District Attorney,* for appellee.

---

[13] (Citation, punctuation and footnote omitted.) *Ellis v. State*, 289 Ga. App. 452, 455 (1) (657 SE2d 562) (2008).

[14] See id.; *Kohlhaas*, supra.