## A11A1416. HALL v. THE STATE.
(720 SE2d 181)

DILLARD, Judge.

Following a jury trial, Kinard Hall was convicted of armed robbery, three counts of aggravated assault with a deadly weapon, burglary, and possession of a firearm during the commission of a crime. Hall's sole argument on appeal is that the trial court erred in failing to merge one of his aggravated-assault convictions into his armed-robbery conviction. For the reasons set forth infra, we agree.

Viewed in the light most favorable to the jury's verdict,[1] the evidence shows that on the afternoon in question, Hall and his co-defendant, Dante Williams, went to the apartment of the victims,

---

[1] *See, e.g., Powell v. State*, 310 Ga. App. 144, 144 (712 SE2d 139) (2011).

Alisha Paul and Percy Burdine.[2] As Paul opened the door, Hall and Williams, both armed, forced their way into the apartment. The men ordered Paul to sit on the sofa, and Williams, brandishing a shotgun, remained with her. Hall, brandishing a handgun, then proceeded to the master bathroom, where he placed his weapon directly into Burdine's face and demanded to know "[w]here the shit at?" Understanding Hall to be referring to valuable musical equipment that had previously been stored in the apartment, Burdine informed him that it was no longer there.

At some point, Hall became temporarily distracted and directed his attention toward the front door, at which time Burdine jumped through the bedroom window to escape. Hall and Williams then ran from the apartment. On the way out the door, Hall took the victims' Xbox game console.

Hearing the commotion, Paul's brother, who lived in the apartment directly across the hall, opened the door to see what was happening. One of the gunmen ordered him to "[g]et back inside," and then Hall fired a gunshot through the door. Hall fired at least one other shot as the men ran from the apartment complex onto a wooded path leading to a second housing development, where they were observed leaving in a white vehicle.

During the ensuing investigation, Paul, Burdine, and Paul's brother identified Hall as one of the perpetrators. A separate witness described to law-enforcement officials the white vehicle in which the gunmen escaped. Hall and Williams were subsequently found driving a similar white vehicle containing clothing that matched the description of that given by the victims and other witnesses as being worn by the gunmen during the commission of the crime.

Hall and Williams were thereafter jointly tried and convicted of the crimes, which included armed robbery and a separate count of aggravated assault with a deadly weapon against each victim, namely, Paul, Burdine, and Paul's brother. Hall filed a motion to modify his sentence, in which he argued, in part, that his conviction for the aggravated assault of Paul should have merged into his armed-robbery conviction.[3]

The doctrine of merger precludes the State from imposing duplicate punishment on a criminal defendant whose multiple convictions are predicated upon the same conduct.[4] In order to deter-

---

[2] Prior to the date of the crimes, Hall dated Paul's mother and lived in the apartment with Paul and Burdine.

[3] The transcript of the motion for new trial hearing was not included in the appellate record. Nonetheless, the merger analysis is a legal one based upon the facts and evidence presented at trial, for which the hearing transcript is unnecessary.

[4] *See* OCGA § 16-1-7 (a); *Drinkard v. Walker*, 281 Ga. 211, 212-13 (636 SE2d 530) (2006).

mine whether two crimes merge, we apply the "required evidence" test to assess "whether each [offense] requires proof of a fact which the other does not."[5]

As discussed supra, Count 1 alleged that Hall committed the offense of armed robbery in that, with the intent to commit theft, he took an Xbox game console from the immediate presence of Alisha Paul "by use of an offensive weapon, . . . to wit: a handgun[.]"[6] Count 3 alleged that Hall committed the offense of aggravated assault with a deadly weapon in that he assaulted "the person of Alisha Paul . . . by threatening [her] with [a] handgun."[7]

Our Supreme Court has previously held that the act of "using an offensive weapon" for the purposes of committing an armed robbery is the legal equivalent of assault—i.e., placing a victim "in reasonable apprehension of immediately receiving a violent injury"—for the purposes of committing an aggravated assault.[8] And, when examining the crimes of armed robbery and aggravated assault with a deadly weapon in the context of the merger analysis, our Supreme Court concluded that, although an armed robbery requires proof of a fact—i.e., the taking of property—that an aggravated assault does not, the inverse is not true; the crime of aggravated assault with a deadly weapon does not require proof of any fact that armed robbery does not.[9]

It follows, then, that Hall's aggravated-assault conviction on Count 3 should have merged into his armed-robbery conviction on

---

[5] *Drinkard*, 281 Ga. at 215; *see also id.* ("[T]he applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not") (punctuation and footnote omitted); *Lucky v. State*, 286 Ga. 478, 481 (2) (689 SE2d 825) (2010) (same).

[6] *See* OCGA § 16-8-41 (a) ("A person commits the offense of armed robbery when, with intent to commit theft, he or she takes property of another from the person or the immediate presence of another by use of an offensive weapon. . . .").

[7] *See* OCGA § 16-5-21 (a) (2) ("A person commits the offense of aggravated assault when he or she assaults . . . [w]ith a deadly weapon or with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury[.]"). A person commits an assault when he or she "[c]ommits an act which places another in reasonable apprehension of immediately receiving a violent injury." OCGA § 16-5-20 (a) (2).

[8] *See Lucky*, 286 Ga. at 482 (2) ("[T]he 'assault' requirement of aggravated assault is the equivalent of the armed robbery requirement that the taking be 'by use of an offensive weapon' since 'use of an offensive weapon' takes place when the weapon is used as an instrument of actual or constructive force—that is, actual violence exerted on the victim or force exerted upon the victim by operating on the victim's fears of injury to the person, property, or character of the victim." (citations omitted)); *see also* OCGA § 16-5-20 (a) (2); OCGA § 16-5-21 (a) (2); OCGA § 16-8-41 (a); *Long v. State*, 287 Ga. 886, 888-89 (2) (700 SE2d 399) (2010).

[9] *See Long*, 287 Ga. at 889 (2) ("[T]here is no element of aggravated assault with a deadly weapon that is not contained in armed robbery[.]").

Count 1.[10] The State's argument that Hall's taking of the Xbox console was an "afterthought" in no way changes this result. Indeed, it is not determinative under the merger analysis as set forth supra that the desired object of Hall's armed robbery was something other than that which he actually took.[11] Instead, what dictates merger is the fact that both crimes for which Hall was convicted were predicated upon the same conduct—namely, Hall's use of the handgun to overpower and intimidate Paul for the purpose of robbing the victims of their belongings.[12] Accordingly, we vacate Hall's aggravated-assault conviction and remand this case to the trial court for resentencing.

*Judgment affirmed in part and vacated in part, and case remanded with instruction. Smith, P. J., and Mikell, J., concur.*

DECIDED OCTOBER 27, 2011 —
RECONSIDERATION DENIED NOVEMBER 30, 2011.

*Sharon L. Hopkins*, for appellant.
*Garry T. Moss, District Attorney, Patricia G. Hull, Cliff Head, Assistant District Attorneys*, for appellee.

---

[10] *See generally Long*, 287 Ga. at 888-90 (2) (merging appellant's aggravated-assault convictions into his armed robbery convictions); *Garland v. State*, 311 Ga. App. 7, 12 (3) (714 SE2d 707) (2011) (same); *Murray v. State*, 307 Ga. App. 621, 627-28 (3) (705 SE2d 726) (2011) (same).

[11] *See generally Drinkard*, 281 Ga. at 212-13.

[12] *See generally id.*; OCGA § 16-1-7 (a).

