# Court of Appeals
# of the State of Georgia

ATLANTA,   August 15, 2016

*The Court of Appeals hereby passes the following order:*

**A16A1369. JOHNNIE WILLARD SHAFFER v. THE STATE.**

Johnnie Shaffer appeals from the trial court's order denying a motion in which he sought to vacate his conviction on the ground that his indictment was void. As detailed below, the appeal is subject to dismissal.

Shaffer was convicted of various counts of aggravated child molestation, aggravated sodomy, child molestation, and sexual battery, and in 2008 we affirmed a court order denying his motion for new trial, in which he had argued that he had received ineffective assistance of trial counsel. *Shaffer v. State*, 291 Ga. App. 783 (662 SE2d 864) (2008). In 2012, Shaffer filed a "Motion to Void Judgment and Sentence." In that motion, he argued among other things that the trial court did not properly merge his various convictions for sentencing, resulting in him receiving a sentence for sexual battery that was void because it exceeded the maximum permitted sentence for that offense. The trial court denied Shaffer's motion, and he did not appeal that ruling.

In 2016, Shaffer filed a new motion, which he titled a "Motion to Void Judgment and Sentence" and "Void Indictment Rendered." In that motion, he argued exclusively that deficiencies in his indictment rendered the indictment void and stripped the trial court of jurisdiction over the proceedings against him. He did not attempt to revive his previously unsuccessful argument that his sentence for sexual battery had exceeded the maximum permitted sentence for that offense. The trial court denied Shaffer's motion, and Shaffer filed this appeal.

Notwithstanding its title, the motion at issue in this appeal is not a motion to vacate a void sentence. "Motions to vacate a void sentence generally are limited to

claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013) (citations omitted). Shaffer makes no argument in either the motion at issue or in his appellate brief that his sentence fell outside the permissible statutory range. Earlier in this proceeding Shaffer *did* make such a claim, but he did not appeal from the trial court's denial of his motion on that claim, and he asserts in his appellate brief that in the motion at issue here he challenged his conviction, not his sentence.

"[A] petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case." *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009). "Because [Shaffer] was not authorized to seek relief from his criminal convictions pursuant to a motion to vacate or correct a void conviction, there is nothing for this [c]ourt to review and his direct appeal is subject to dismissal." *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010) (citations and footnote omitted); see *Harper*, supra, 286 Ga. at 218 (2). The appeal is hereby DISMISSED.



Court of Appeals of the State of Georgia

Clerk's Office, Atlanta,_____08/15/2016_____

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____ , Clerk.