**SECOND DIVISION**
**MILLER, P. J.,**
**RICKMAN and REESE, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**March 4, 2020**

# In the Court of Appeals of Georgia

A19A2174. WILSON v. THE STATE.

REESE, Judge.

Timothy John Wilson, Jr., ("the Appellant") appeals from the denial of his amended motion for new trial following his conviction for incest, statutory rape, and child molestation in the Superior Court of Catoosa County.[1] The Appellant contends that the trial court abused its discretion in allowing evidence regarding a prior offense; that he was denied the effective assistance of counsel; and that the trial court erred in failing to merge the child molestation and statutory rape convictions for sentencing purposes. For the reasons set forth infra, we affirm.

---

[1] See OCGA §§ 16-6-22 (a); 16-6-3 (a); 16-6-4 (a) (1).

Viewed in the light most favorable to the jury's verdict[2], the record shows the following facts. The Appellant married B. O.'s mother ("Wilson") in July 2009. The Appellant moved in with Wilson and her minor daughter, B. O., who was eight years old at the time. Five years later, in October 2014 when B. O. was 13 years old, the Appellant began to molest her. The Appellant initially made B. O. watch pornographic videos with him while B. O.'s mother was at work. The Appellant rubbed B. O.'s back in a sexually suggestive manner and touched B. O.'s genitals both over and under her clothing. At some point, the Appellant had sexual intercourse with B. O. The molestation lasted from October 2014 to December 2014, with the last sexual act occurring on Christmas Eve 2014.

B. O. disclosed the molestation to her mother on January 31, 2015, prompting her mother to call the police. A forensic medical examination by a Sexual Assault Nurse Examiner ("SANE") did not reveal any injuries, tears, or abrasions, but the nurse did note that B. O.'s hymenal opening was larger than expected for a child of her age and that there was less hymenal tissue than expected. The SANE nurse further

---

[2] See *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979); see also *Brewer v. State*, 219 Ga. App. 16, 17 (1) (463 SE2d 906) (1995).

explained that both of these conditions could be indicative of some kind of sexual activity.

Throughout the course of the investigation into B. O.'s outcry, the State received information regarding a previous instance of child molestation involving the Appellant and his younger half-sister, P. W. P. W., who was interviewed via phone by investigators, explained that the Appellant had touched her inappropriately, performed oral sodomy upon her, and had sexual intercourse with her in upstate New York shortly after the Appellant moved in with his father and step-mother between 1984 and 1985.

The Appellant was initially indicted for 19 various sexual offenses involving his 13-year-old step-daughter, B. O., and one of B. O.'s friends, 13-year-old K. D. The State filed a notice of intent to offer evidence of the previous incidents pursuant to OCGA § 24-4-413 and OCGA § 24-4-414 ("Rule 413" and "Rule 414"). Although defense counsel opposed admitting the evidence, the trial court ultimately agreed to admit the extrinsic act evidence. The jury found the Appellant guilty of two counts of incest, one count of statutory rape, and one count of child molestation. The Appellant filed an amended motion for a new trial. The trial court denied the motion for new trial, but granted the Appellant a new sentencing hearing. We dismissed as

premature the Appellant's appeal from this order as the trial court had not yet resolved the Appellant's sentencing challenges. The trial court resentenced the Appellant, imposing a split sentence, and this appeal followed.

"The admission of evidence is a matter which rests largely within the sound discretion of the trial court and will not be disturbed absent an abuse of discretion."[3] Similarly, "[w]e will not disturb a trial court's determination that similar transaction evidence is admissible absent an abuse of discretion."[4] With these guiding principles in mind, we turn now to Appellant's specific claims of error.

1. The Appellant contends that the trial court abused its discretion by improperly admitting evidence related to a prior offense of child molestation. We disagree.

Subsection (a) of Rule 413 provides: "In a criminal proceeding in which the accused is accused of an offense of sexual assault, evidence of the accused's commission of another offense of sexual assault shall be admissible and may be

---

[3] *McBee v. State*, 228 Ga. App. 16 (491 SE2d 97) (1997).

[4] *Condra v. State*, 238 Ga. App. 174, 175 (2) (518 SE2d 186) (1999) (citations omitted).

considered for its bearing on any matter to which it is relevant."[5] Additionally, Rule 414 provides in part: "[i]n a criminal proceeding in which the accused is accused of an offense of child molestation, evidence of the accused's commission of another offense of child molestation shall be admissible and may be considered for its bearing on any matter to which it is relevant."[6] Furthermore, in sexual assault and child molestation cases, both Rules 413 and 414 supersede the provisions of OCGA § 24-4-404,[7] which typically prevents the inclusion of prior bad acts.[8] Rules 413 and 414 "create[s] a rule of inclusion, with a strong presumption in favor of admissibility, and the State can seek to admit evidence under these provisions for any relevant purpose, including propensity."[9] Moreover,

---

[5] OCGA § 24-4-413 (a).

[6] OCGA § 24-4-414 (a) defines the term "offense of child molestation" as "any conduct or attempt or conspiracy to engage in [inter alia] [a]ny crime that involves contact between any part of the accused's body . . . and the genitals or anus of a child; or [a]ny crime that involves contact . . . between the genitals or anus of the accused and any part of the body of a child[.]"

[7] See *Dixon v. State*, 341 Ga. App. 255, 258 (1) (800 SE2d 11) (2017).

[8] See OCGA § 24-4-404 (b) ("[e]vidence of other crimes, wrongs, or acts shall not be admissible to prove the character of a person in order to show action in conformity therewith.")

[9] *Robinson v. State*, 342 Ga. App. 624, 634 (4) (b) (805 SE2d 103) (2017) (citations and punctuation omitted).

[u]nder Rule 414 (a), showing a disposition toward molestation is a relevant purpose and not unfairly prejudicial in light of the nature of that conduct. Thus, evidence that a defendant engaged in child molestation in the past is admissible to prove that the defendant has a disposition of character that makes it more likely that he did commit the act of child molestation charged in the instant case.[10]

(a) The Appellant argues that the trial court should have excluded the prior instance of child molestation, because it failed to meet the statutory requirements under Rule 414 and the Rule 403 balancing test.

Before admitting evidence of similar, prior crimes,

the trial court must determine that the State has affirmatively shown that: (1) the State seeks to admit evidence of the independent offenses or acts for an appropriate purpose; (2) there is sufficient evidence that the accused committed the independent offenses or acts; and (3) there is sufficient connection or similarity between the independent offenses or acts and the crimes charged so that proof of the former tends to prove the latter.[11]

---

[10] Id (citations and punctuation omitted).

[11] *Pareja v. State*, 286 Ga. 117, 119 (686 SE2d 232) (2009) (citations and punctuation omitted).

The State filed a notice under Rule 413 and Rule 414 seeking the trial court's ruling that this prior act could be admitted at trial given that the indictment charged him with numerous counts of sexual offenses against his minor step-daughter and his step-daughter's friend. After a hearing, the trial court ordered that the evidence could be admitted by the State at trial. Specifically, the trial court stated that the "proffered evidence's probative value is significant and substantial, and that the probative value of the offered evidence is not substantially outweighed by undue prejudice, and is not other subject to being excluded by OCGA § 24-4-403." The evidence presented by the State at trial included testimony from P. W., who testified that the Appellant had sexually molested her during her childhood. Additionally, in its order denying Appellant's motion for new trial, the trial court stated that the evidence

> was relevant to an issue other than the Defendant's bad character, to wit: intent and motive. The State of Georgia produced sufficient evidence to authorize the jury to find that the accused committed the other acts. The probative value of the evidence presented was high, and was therefore not substantially outweighed by its unfair prejudice, to include but not being limited to, any issue of said evidence's temporal remoteness.

The Appellant argues that the evidence presented at trial failed to show that the prior instance of child molestation was even a crime, in that he was perhaps under the

age of accountability, and therefore incapable of forming the requisite intent. We note that the Appellant was between the ages of 11 to 13 years old at the time of the prior child molestation incident,[12] but it is unclear because witnesses were unsure of when P. W.'s disclosure occurred. Although the Appellant's exact age at the time of the prior instance of child molestation is unclear, "[a] trial court should consider a defendant's youth at the time of a similar transaction when deciding whether to admit such evidence."[13] Additionally, regardless of the Appellant's age at the time, witnesses testified that the Appellant was sent to a juvenile detention facility in New York, indicating some level of responsibility for the prior instance of child molestation.

Accordingly, the trial court did not abuse its discretion in concluding that the evidence of the prior instance of child molestation involving P. W. was admissible for a relevant purpose under Rule 414 (a).[14]

---

[12] See *Ledford v. State*, 313 Ga. App. 389, 390-391 (1) (721 SE2d 585) (2011) (upholding admission of evidence of similar prior acts that were committed when defendant was eleven or twelve years old, while the victim was only three or four years old. The evidence was relevant in light of the significant age difference to show defendant's lustful disposition regarding younger females).

[13] *Arbegast v. State*, 332 Ga. App. 414, 419 (2) (a) (ii) (773 SE2d 283) (2015).

[14] See *Condra*, 238 Ga. App. at 176 (2).

8

(b) The Appellant also contends that the prior instance of child molestation was inadmissible, because it was irrelevant to any material fact.

The Appellant argues that the evidence of prior acts did not show his motive or intent and the temporal remoteness of the prior acts of child molestation combined to show that the trial court abused its discretion.

OCGA § 24-4-401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Moreover,

> evidence that an accused committed an intentional act generally is relevant to show—the evidence, in other words, has *some* tendency to make more or less probable—that the same defendant committed a similar act with the same sort of intent, especially when the acts were committed close in time and in similar circumstances.[15]

OCGA § 24-4-404 (b) ("Rule 404 (b)") provides, in part

> evidence of other crimes, wrongs, or acts shall not be admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, including,

---

[15] *Olds v. State*, 299 Ga. 65, 72 (2) (786 SE2d 633) (2016) (citations omitted; emphasis in original).

9

but not limited to, proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

The evidence of other acts was relevant to the issues of intent and motive.

> Rule 404(b) is an evidentiary rule of exclusion, and for other acts evidence to be admissible, the State must show that: (1) the evidence is relevant to an issue other than defendant's character, (2) there is sufficient proof so that the jury could find that defendant committed the act, and (3) the probative value is not substantially outweighed by undue prejudice under OCGA § 24–4–403 ("Rule 403").[16]

The State offered the Rule 414 evidence to establish the Appellant's intent and motive for the offenses at issue in the present case and the trial court ruled the evidence relevant "to the issues of the Defendant's intent and the Defendant's motive." Additionally, the State called P. W. to testify to provide sufficient proof so that the jury could find that the Appellant committed the act. Furthermore, the trial court found that "the proffered evidence's probative value is significant and substantial, and that the probative value of the offered evidence is not substantially outweighed by undue prejudice, and is not otherwise subject to being excluded by OCGA § 24-4-403."

---

[16] *Gerber v. State*, 339 Ga. App. 164, 175 (3) (793 SE2d 131) (citations omitted).

P. W. testified that she and the Appellant lived in the same home in upstate New York between 1984 and 1985, shortly after the Appellant moved in with his father and step-mother. On multiple occasions, when P. W. was approximately six years old and the Appellant was between eleven and thirteen years old, the Appellant penetrated P. W.'s vagina with his hand and oral sodomy upon P. W. P. W. testified that she recalled two distinct occasions when the Appellant had sexual intercourse with her in the basement of their home, because the Appellant "placed [P. W.'s] baby blanket down."

> Exclusion of proof of other acts that are too remote in time caters principally to the dual concerns for relevance and reliability. The evaluation of the proffered evidence in light of these concerns must be made on a case-by-case basis to determine whether the significance of the prior acts has become too attenuated and whether the memories of the witnesses has likely become too frail. Neither Rule 403 nor any analogous Rule provides any bright-line rule as to how old is too old.[17]

Although P. W.'s testimony was remote in time, the trial court did not abuse its discretion in allowing the prior instance of child molestation to be admitted,

---

[17] *Harris v. State*, 340 Ga. App. 865, 868 (1) (b) (798 SE2d 498) (2017) (citations and footnote omitted).

because it was relevant to show the Appellant's lustful disposition with respect to younger females.

2. The Appellant contends that his trial counsel was ineffective for failing to argue that the prior acts would not have constituted child molestation or in the alternative, that the prior act was not probative of the intent or motive at issue in this case. We disagree.

The facts at issue surrounding the Appellant's ineffective assistance of counsel claim are set out in Division 1, supra. The Appellant claims that trial counsel failed to articulate all relevant arguments related to the evidence of prior instance of child molestation. The Appellant also argues that trial counsel's lack of knowledge or understanding about the applicable arguments amounts to ineffective assistance of counsel.

> In order to prevail on a claim of ineffective assistance of counsel, a criminal defendant must show that counsel's performance was deficient and that the deficient performance so prejudiced the client that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different. The criminal defendant must overcome the strong presumption that trial counsel's conduct falls within the broad range of reasonable professional conduct. [As the appellate court, we] accept the trial court's factual findings and credibility determinations

unless clearly erroneous, but we independently apply the legal principals to the facts.[18]

If the Appellant fails to satisfy either the performance or the prejudice prongs of the *Strickland v. Washington* ineffectiveness inquiry, his ineffective assistance claim fails.[19]

"An appellate court evaluates counsel's performance from counsel's perspective at the time of trial. As a general rule, matters of reasonable tactics and strategy, whether wise or unwise, do not amount to ineffective assistance of counsel."[20] Moreover,

> the manner in which an attorney attacks the credibility of a witness falls within the ambit of trial tactics. Trial tactics and strategy, however mistaken they may appear with hindsight, are almost never adequate

---

[18] *Robinson v. State*, 277 Ga. 75, 75-76 (586 SE2d 313) (2003) (citations and punctuation omitted); (citing *Strickland v. Washington*, 466 U. S. 668, 697 (104 SCt 2052, 80 LE2d 674) (1984)) (punctuation omitted).

[19] *Wiggins v. State*, 338 Ga. App. 273, 283 (6) (787 SE2d 357) (2016) (citation and punctuation omitted).

[20] *Grier v. State*, 273 Ga. 363, 365 (4) (541 SE2d 369) (2001) (citation and punctuation omitted).

grounds for finding trial counsel ineffective unless they are so patently unreasonable that no competent attorney would have chosen them.[21]

Trial counsel testified during the motion for new trial hearing that he conducted extensive research into the Rule 413 and Rule 414 evidence issues and presented the argument that he thought stood the best chance of winning.

> [State]: And as far as the — and when you were preparing for the hearing on the 413, 414 evidence, you considered ways to keep that evidence out[?]
> [Trial Counsel]: Right.
> [State]: — Is that right? And you basically objected to it on the grounds of it being excessive time?
> [Trial Counsel]: Correct.
> [State]: Is that what — based on your legal judgment, was that the best grounds that you were aware of to prohibit the Court from admitting that evidence?
> [Trial Counsel]: It was. And it was an issue I think I researched exhaustively and that was what I felt was the best argument.

Although trial counsel sought to exclude it, the evidence of the prior instance of child molestation was admitted at trial given the testimony of P. W. "Trial counsel

---

[21] *Shaffer v. State*, 291 Ga. App. 783, 786-787 (3) (662 SE2d 864) (2008) (punctuation and footnote omitted).

14

cannot be deficient in failing to object to the admission of legally admissible testimony."[22]

Here, the Appellant has failed to meet his burden. The Appellant has failed to establish that trial counsel's performance was deficient. Therefore, he did not meet the deficient performance prong of the *Strickland* test. Thus, the Appellant's counsel was effective and the trial court did not err.

3. The Appellant contends that the trial court erred by failing to merge the child molestation counts of the indictment into the statutory rape counts of the indictment. We disagree.

"Whether two offenses should be merged is a question of law, and we apply a 'plain legal error' standard of review."[23] Additionally, "[i]n order to determine whether two crimes merge, we apply the 'required evidence' test to assess whether each offense requires proof of a fact which the other does not."[24] Moreover, "[u]nder the doctrine of merger, a criminal defendant cannot be subject to the imposition of

---

[22] *Bell v. State*, 287 Ga. 670, 675 (3) (697 SE2d 793) (2010).

[23] *Lavigne v. State*, 299 Ga. App. 712, 714 (2) (683 SE2d 656) (2009).

[24] *Hall v. State*, 313 Ga. App. 66, 67-68 (720 SE2d 181) (2011) (punctuation and footnote omitted).

multiple punishment when the same conduct establishes the commission of more than one crime. The doctrine of merger does not apply, however, if the multiple convictions are not premised upon the same conduct."[25] Furthermore, "[i]f one crime is complete before the other takes place, the two crimes do not merge."[26] Simply put, where the crimes are separate and sequential, even if separated only by mere seconds, they do not constitute the same conduct.[27]

A person commits the offense of child molestation when such person "[d]oes any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person."[28] "A person commits statutory rape when he or she engages in sexual intercourse with any person under the age of 16 years and not his or her spouse, provided that no conviction shall be had for this offense on the unsupported testimony of the victim."[29]

---

[25] *Gonzales v. State*, 352 Ga. App. 83, 88 (3) (833 SE2d 727) (2019) (citation and punctuation omitted).

[26] Id. (citation and punctuation omitted).

[27] See *Bales v. State*, 200 Ga. App. 97, 98 (2) (406 SE2d 790) (1991).

[28] OCGA § 16-6-4 (a) (1).

[29] OCGA § 16-6-3 (a).

16

Here, the State was required to prove how child molestation differed from statutory rape. The allegations for the child molestation count in the indictment concerned the touching of B. O.'s vagina between October and December 2014. Specifically, the state had to prove that the Appellant "did commit an immoral and indecent act to [B. O.], a child under the age of sixteen years, with the intent to arouse and satisfy the sexual desires of said accused by touching said child's vaginal area[.]" The allegations for the statutory rape count of the indictment concerned sexual intercourse. Specifically, the Appellant "[d]id, being over the age of 21 years, engage in sexual intercourse with [B.O.], a person under the age of sixteen years of age and not the accused's spouse[.]"

In this case, B. O., who was the Appellant's step-daughter, testified at trial about the escalating series of sexual offenses that culminated in the Appellant having sexual intercourse with her from October 2014 to December 2014. The child molestation began when Appellant had B. O. view pornographic videos with him and touched her body, including "rubbing [B. O.'s] back" and "eventually touch[ing] [B. O.'s] butt," and culminated with Appellant penetrating B. O.'s vagina with his penis. Here, the child molestation conviction was based on the Appellant touching B. O.'s back and vaginal area, while the statutory rape conviction was based on

17

Appellant engaging in sexual intercourse with B. O. Thus, the crimes were separate and sequential and not based on the same exact conduct. Therefore, the trial court did not err in failing to merge the convictions at sentencing.

*Judgment affirmed. Miller, P. J., and Rickman, J., concur*.